**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK ROSELLI,** | : | |
| **Petitioner,** | : | |
| **v.** | : | **Civ. No. 17-2196** |
| | : | |
| **SUPERINTENDANT SMITH,** *et al.*, | : | |
| **Defendants.** | : | |

**Diamond, J.**                                                                                                        **November 2, 2020**

## M E M O R A N D U M

Habeas Petitioner Frank Roselli urges that the state court impermissibly found facts in ruling that his prior convictions qualified as predicates for the imposition of an enhanced sentence under Pennsylvania's "Three Strikes Law."  Although there is no dispute as to the accuracy of the facts as found, because they were found by the court—and not the jury—Magistrate Judge Sitarski has determined that the Sixth Amendment was violated.  I agree.  The Third Circuit recently observed that the Constitution's "formalistic approach" to finding facts at sentencing "may result in some counterintuitive and hard to justify outcomes."  <u>Cabeda v. Attorney General</u>, 2020 WL 477823, at *1 (3d Cir. 2020).  That appears to be the case here.  Accordingly, I will grant Roselli's Petition in part, subject to resentencing by the state court.

### FACTUAL BACKGROUND

Roselli's crimes span two iterations of Pennsylvania's burglary statute.  Although both include the elements of non-consensual entry into a building or structure intending to commit a crime, the versions differ to an extent.

In 1989, Roselli pled guilty to burglary as it was defined in the then-applicable 1972 Crimes Code.  (<u>See</u> Tr. of Sentencing and Accompanying Exhibits, Doc. No. 10-96.);  1972 Pa. Laws 1534, §3501–3502.  At that time, burglary was a first-degree felony, "whether or not a[nother] person [was] actually present" when the entry occurred.  1972 Pa. Laws 1534, § 3501.

In 1993 Roselli again pled guilty to first-degree felony burglary.  (See Tr. of Sentencing and Accompanying Exhibits, Doc. No. 10-96.)   Under Pennsylvania's then-applicable 1990 amendments, burglary was generally a first-degree felony; it was a second-degree felony only if no other person was present in the structure when the entry occurred and if the structure was not adapted for overnight entry.  18 Pa.C.S. § 3502(c)(2); 1990 Pa. Laws 1196 (effective July 1, 1991).

In 2012, Roselli was prosecuted for burglarizing a private home. Because the statute's 2012 amendments took effect after the alleged crime, Roselli was again prosecuted under the 1990 amendments, and was convicted by a jury of burglary and theft by unlawful taking.  (Tr. of Trial, Doc. No. 10-102, at  131:2 – 132:18); 18 Pa.C.S. §§ 3502; 3921.  The Commonwealth indicated that it intended to seek an enhanced 25-year mandatory minimum sentence pursuant to the Three-Strikes Law.  (Notice of Intent to Seek Twenty-Five Year Mandatory Sentence, Doc. No. 10-103.) The Law requires imposition of a 25-year sentence for offenders with three qualifying convictions for enumerated "crime[s] of violence."  42 P.S.C.A. § 9714(a)(2) ("Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years incarceration….").  To obtain the enhanced 25 year sentence, the Commonwealth must prove by an evidentiary preponderance that each prior offense qualifies as a "crime of violence."  Id. § 9714(d).

Burglary is a qualifying offense under subsection (g) of the Law only if the intruder enters a building or structure while another person is present and if the building or structure is adapted for overnight accommodations.  See 42 P.S.C. § 9714(g) (listing "burglary as defined in 18 Pa.C.S. § 3502(a)(1)" as a qualifying offense for the Law's sentencing enhancement.)   Other forms of burglary—which are not crimes of violence—are set out in subsections (2) (no person is present),

2

(3) (the structure is not adapted for overnight accommodation), and (4) (both).  18 Pa.C.S. § 3502(a)(2)-(4).  A burglary conviction is thus a crime of violence under the Law only if the structure is adapted for overnight accommodation and a person is present at the time of entry. Under the Law as it existed when Roselli was sentenced in 2012, these definitions of burglary were the same.  See 2011 Pa. Legis. Serv. Act 2011-40 (H.B. 396) ("burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present" is a crime of violence).

In reaching its verdict, the 2012 jury answered a special interrogatory, explicitly finding beyond a reasonable doubt that the victim "was present inside the structure while the defendant was inside the structure."  (Tr. of Trial, Doc. No. 10-102, at 131:2-132:18.)  At sentencing, the Commonwealth introduced evidence of Roselli's two prior burglary guilty pleas—including the underlying criminal complaints and affidavits of probable cause—to prove that the subject structures had been occupied when Roselli broke in.  (Tr. of Sentencing and Accompanying Exhibits, Doc. No. 10-96, at 7:10-11; 8:4-5; 9:5-6; 9:25-10:4; 11:9-10.)  The Commonwealth argued that these records proved that in committing both burglaries, Roselli had broken into occupied dwellings.  (See, e.g., id. at 6:5-8.)  As I discuss below, over Roselli's objection, the 2012 sentencing court found by an evidentiary preponderance that the dwellings were occupied, and then imposed the resulting mandatory 25 to 50 year sentence.  (Id. at. 25:20-32:21.)

**PROCEDURAL BACKGROUND**

Judge Sitarski has detailed the complex history of this case, which I will summarize.  (Doc. No. 34.)  Roselli's direct appeal from his 2012 burglary conviction was initially dismissed as untimely.  Com. v. Roselli, No. 3348 EDA 2012, 2013 WL 11264730 at *1 (Pa. Super. Ct. 2013). After his appellate rights were reinstated *nunc pro tunc*, Roselli filed a second direct appeal to the

3

Superior Court.  <u>Com. v. Roselli</u>, No. 891 EDA 2014, 2015 WL 7722264, at *1 (Pa. Super. Ct. Jan. 13, 2015).  Roselli raised eight issues, including, as I explain below, both a facial and as-applied  Sixth Amendment challenge to the Three Strikes Law.  <u>Id.</u> at *2–3.  The Superior Court affirmed.

In July 2015 Roselli filed a *pro se* PCRA Petition, alleging that his trial counsel had incompetently conducted plea negotiations.  (*Pro Se* PCRA Petition, Doc. No. 10-41.)  Both the PCRA and Superior Courts rejected the contention.  <u>Com. v. Roselli</u>, No. 327 EDA 2016, 2016 WL 6770829, at *2 (Pa. Super. Nov. 15, 2016).  Roselli filed a second PCRA Petition in 2016, which he subsequently withdrew.  (Doc. Nos. 10-14, 10-2.)

On May 12, 2017 Roselli filed the instant *pro se* Habeas Petition, in which he again impugns counsel's plea negotiations.  He also urges that Pennsylvania's Three Strikes Law as applied to him violated the Sixth Amendment—what I will henceforth refer to as Roselli's "<u>Apprendi</u> challenge."  (Doc. No. 1.)  I referred the matter to Magistrate Judge Sitarski, who recommended that I deny relief.  (Doc. Nos. 4, 12.)  Because Roselli's "objections show[ed] that he apparently [intended] to raise an <u>Apprendi</u> issue, which, understandably, was not addressed" by Judge Sitarski, I did not adopt her Recommendation, and appointed counsel to file an Amended Petition.  (Doc. No. 19.)  Counsel then filed a "Supplement" to Roselli's *pro se* Petition, in which she reiterated and clarified Roselli's <u>Apprendi</u> challenge.  (Doc. No. 20.)

Judge Sitarski now recommends rejecting Roselli's ineffectiveness claim but upholding his <u>Apprendi</u> challenge.  (Doc. No. 34.)  The Commonwealth has submitted Objections, which I will overrule.  (Doc. No. 41.)

**LEGAL STANDARDS**

In reviewing a report and recommendation, I must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). I may "accept, reject, or modify, in whole or in part" these findings and recommendations. Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee's Note.

Before seeking federal habeas relief, state prisoners must exhaust their state remedies. 28 U.S.C. § 2254(b). Federal courts usually will not review claims that were not presented to the state court in the manner prescribed by its procedural rules. Wainwright v. Sykes, 433 U.S. 72, 81–82 (1977). "[I]f it is clear that the habeas petitioner's claims [would] now [be] procedurally barred under state law," the claims are exhausted but procedurally defaulted. Gray v. Netherland, 518 U.S. 152, 161–62 (1996). Accordingly, before federal courts will review a habeas claim, the petitioner usually must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "[A] petitioner must [fairly] present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010).

A petitioner can "fairly present" his claim by:

> (a) reliance on pertinent federal cases; (b) reliance on state cases employing constitutional analysis in like fact situations; (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Nara v. Frank, 488 F.3d 187, 198 (3d Cir. 2007), as amended (June 12, 2007) (citations omitted).

If the state court denies a claim on the merits, the federal court may grant habeas relief only if the adjudication: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law"; or (2) if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A decision is "contrary to" clearly established federal law if the state court "applies a rule different from the governing law," or decides a case differently on "materially indistinguishable facts."  Bell v. Cone, 535 U.S. 685, 694 (2002).  Unreasonable application of clearly established federal law occurs when the court correctly identifies the governing legal principle but "unreasonably applies that principle to the facts of the prisoner's case."  Lockyer v. Andrade, 538 U.S. 63, 75 (2003); see also Harrington v. Richter, 562 U.S. 86, 103 (2011) (the state court's decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

If the state court fails to address a claim raised by the petitioner, the federal court must apply a pre-AEDPA *de novo* standard of review.  Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005) ("AEDPA's deferential standards of review do not apply unless it is clear from the face of the state court decision that the merits of the petitioner's constitutional claims were examined in light of federal law as established by the Supreme Court of the United States.") (internal quotation marks omitted); see also Vickers v. Superintendent Graterford SCI, 858 F.3d 841, 850 (3d Cir. 2017), as amended (July 18, 2017) (same);  Thomas v. Varner, 428 F.3d 491, 497 (3d Cir. 2005) (same); 28 U.S.C. § 2254(d).

**DISCUSSION**

Roselli argues that: (1) trial counsel ineffectively conducted plea negotiations; and (2) the Three Strikes Law's application to him violated the Sixth Amendment.  (Doc. Nos. 1, 20 (citing

Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) and Garrus v. Sec'y of Pennsylvania Dep't of Corr., 694 F.3d 394 (3d Cir. 2012))).

## I.     Ineffectiveness

Roselli "must first establish that counsel's performance fell below an objective standard of reasonableness… Second, [he] must show that he was prejudiced by counsel's deficient performance, meaning that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Scripps, 961 F.3d 626, 632 (3d Cir. 2020) (quoting Strickland v. Washington, 466 U.S. 668, 688 – 89, 694  (1984)).

 Roselli alleges that before trial, the Commonwealth conveyed a plea offer of 15 to 30 years incarceration, which Roselli rejected.  (Tr. of Suppression Hearing, Doc. No. 10-108, at 16:7-8).  Absent application of the Three Strikes Law, Roselli's burglary conviction carried a maximum penalty of only 10 to 20 years imprisonment.  Roselli now alleges that counsel should have advised him that if he accepted the plea offer, the appellate courts would have vacated the illegal 15 to 30 year sentence and instead imposed the 10 to 20 year statutory maximum.

I cannot rule that counsel was ineffective for "failing" to urge Roselli to accept a plea offer that counsel knew to be illegal.  Nor can I assume that the trial court would have accepted an invalid plea agreement and imposed an illegal sentence.  In any event, the PCRA Court credited counsel's testimony that Roselli would not have pled guilty to any deal.  ("Q: So . . . there was no offer available that the defendant would have accepted?   A: That is correct.") (Tr. of PCRA Hearing, Doc No. 10-19, at 42:15-17); Com. v. Frank Roselli, No. 327 EDA 2016, 2016 WL 6770829, at *2 (Pa. Super. Ct. Nov. 15, 2016).  Judge Sitarski properly deferred to that finding and rejected the ineffectiveness claim.

## II.      The Apprendi Challenge

Roselli urges that in applying the Three Strikes Law, the sentencing court impermissibly found facts.  I agree.

### A.  The "Categorical Approach" to Sentencing

The Supreme Court has held that under the Sixth Amendment, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  In Alleyne v. United States the Court again held that, "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury."  570 U.S. 99, 114–15 (2013).

In a related series of decisions, the Supreme Court applied the Sixth Amendment to the Armed Career Criminal Act, which carries a 15-year minimum sentence if a defendant has three prior convictions for certain violent felonies, including burglary.  See, e.g., Taylor v. United States, 495 U.S. 575, 578-79 (1990); Shepard v. United States, 544 U.S. 13, 15 (2005) (citing 18 U.S.C. 924(e)).  Citing Apprendi and Alleyne, the Court has repeatedly ruled that the Sixth Amendment significantly restricts judges in determining the factual bases of ACCA sentencing enhancements. As the Court explained, "[t]he Sixth Amendment contemplates that a jury—not a sentencing court—will find such facts, unanimously and beyond a reasonable doubt."  Descamps v. United States, 570 U.S. 254, 269 (2013).

The Court has thus created a "categorical approach" to determining whether a conviction may serve as an ACCA predicate offense.  See Descamps, 570 U.S. at 257.  To qualify, the underlying state statute's elements must be "the same as, or narrower than, those of the generic offense."  Id.  In conducting this analysis, the sentencing court must "ignor[e] the particular facts

8

of the case" and "focus solely on whether the elements of the crime of conviction sufficiently match the elements" of the generic offense.  Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). In the instant case, the "generic offense" is burglary.

There is only one circumstance in which a court may depart from the categorical approach and consult a very few outside materials.  Descamps, 570 U.S. at 257.  This "modified categorical approach" is permissible only when an underlying state statute is "divisible": that is, "sets out one or more elements of the offense in the alternative."  Id.  The modified approach may be employed where "one alternative…matches an element in the generic offense, but the other…does not."  Id. For example, if "generic" burglary requires a non-consensual entry of a building, a state statute defining burglary as non-consensual entry of a building *as well as an automobile* would be "divisible," allowing the sentencing court to look "beyond the statutory elements" of the crime to "figure[e] out which of the alternative elements listed….was integral to the defendant's conviction (that is, which was necessarily found or admitted)."  Id. at 261-62; Mathis, 136 S. Ct. at 2249.

To avoid "serious risks of unconstitutionality," the modified categorical approach allows review of only "Shepard" materials:  "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or [] some comparable judicial record of this information." Shepard, 544 U.S. at 25-26.

Contrary to the Commonwealth's assertion, the impact of these Sixth Amendment holdings is not limited to the ACCA, but extends to similarly-structured state career offender statutes. Accordingly, I will, in accordance with these holdings, review the essential elements of the Pennsylvania statutes Roselli violated and the "generic" offense of burglary.

B.  "Divisibility"

To qualify as a crime of violence, the Three Strikes Law's "generic" definition of burglary requires the presence of another person and entry into a structure suited for overnight accommodation.  Once again, in 1989, Pennsylvania law provided that burglary had three elements:  (1) an unlicensed entry (2) into a building or occupied structure (3) with intent to commit a crime therein.  See 1972 Pa. Laws 1534, § 3502(a).  An "occupied structure" was defined as "[a]ny structure, vehicle or place adapted for overnight accommodation of persons, or for carrying on business therein, *whether or not a person is actually present*."  § 3501 (emphasis added).

Because there are no alternative elements by which the statute may be violated, it is indivisible.  In reviewing a defendant's conviction under the 1989 statute, the sentencing court would be required to employ a categorical approach.  See also United States v. Steiner, 847 F.3d 103, 118-19 (3d Cir. 2017) (deeming the Pennsylvania burglary statute indivisible with respect to entry into a "building" versus "occupied structure.").  The court thus could not look to Shepard documents as an aid before imposing a sentence.

In 1990, the burglary statute was amended to provide that burglary was a first-degree felony except where "the building, structure or portion entered is not adapted for overnight accommodation and if no individual is present at the time of entry" (rendering the intrusion a second-degree felony).  1990 Pa. Laws 1196, No. 201 (effective July 1, 1991).  The statute was otherwise unchanged and thus remained indivisible.  In April 2012, Roselli was again convicted under that same statute after a jury trial.  See 2012 Pa. Laws 1050, No. 122 (effective September 4, 2012).  Once again, because the jury explicitly found beyond a reasonable doubt that another person was present at the time of the unlawful entry, Roselli's offense was a first-degree felony. Although the jury was not asked whether the structure was adapted for overnight accommodation,

10

the trial court noted (without objection) that it was "clear in this case that the home was adapted

for overnight accommodation and there is no contest of that."  (Trial Tr., Doc. No. 10-102, at

42:20-25, 43:9-14.)  Accordingly, the judge did not "have to ask a jury that because that's an

obvious fact in this case."  (Id.)  In his final jury instructions, the judge nonetheless defined

burglary as an unlawful entry into "an occupied structure . . . adapted for overnight accommodation

of persons."  (Id. at 47:16-24, 106:4-7.)

    C.  Issues Presented in State Court

        In his direct appeal to the Superior Court, Roselli argued:

> Pennsylvania's mandatory minimum statute set forth in 42 Pa.C.S.[] § 9714 is
> unconstitutional ***as applied to this matter*** in that it permitted an automatic increase
> of a defendant's sentence beyond the statutory maximum, without notice and
> without a jury finding beyond a reasonable doubt for its application in violation of
> United States Constitutions, as well as <u>Alleyne v. United States</u>, 133 S.Ct. 2151 ([]
> 2013) (emphasis added)

<u>See</u> <u>Com. v. Roselli</u>, No. 891 EDA 2014, 2015 WL 7722264, at *2 (Pa. Super. Ct. Jan. 13, 2015).

In explaining his as-applied challenge, Roselli explicitly argued that the sentencing court

improperly looked outside the elements of the burglary statute:

> [T]he Commonwealth failed to prove that the enhanced sentencing
> penalties…should be applied in this matter because the facts underlying the prior
> convictions were based on…[a]ffidavits of [p]robable [c]ause and [b]ills of
> [i]nformation.

<u>Id.</u>  In support, Roselli cited to the Sixth Amendment and <u>Alleyne</u>.  <u>Id.</u>

        In the single page of argument it offers to support its Objections, the Commonwealth

suggests that because Roselli did not cite all the decisions on which Judge Sitarski based her

Recommendation, this issue was not fairly presented to the state courts.  (Doc. No. 41.)  Surely

this is incorrect.  Roselli's reliance in state court on <u>Alleyne</u> and the Sixth Amendment, his explicit

contention that the Three Strikes Law is "unconstitutional as applied," and his challenge to the

sentencing court's reliance on affidavits of probable cause and bills of information certainly "put[]

[the Pennsylvania courts] on notice" of his challenge.  See Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 174 (1988); Nara v. Frank, 488 F.3d 187, 198 (3d Cir. 2007), as amended (June 12, 2007) (claim that guilty plea was "unlawfully induced," together with oral clarification that defendant was "not competent" to plead, fairly presented a Fourteenth Amendment Due Process claim).  I thus agree with Judge Sitarski that Roselli's Apprendi challenge is not procedurally defaulted.

I also agree that the Superior Court failed to address the issue.  Once again, in his direct appeal, Roselli raised both a facial challenge to Pennsylvania's Three Strikes Law and the as-applied challenge he now pursues.  See Com. v. Roselli, No. 891 EDA 2014, 2015 WL 7722264, at *2 (Pa. Super. Ct. Jan. 13, 2015).  The Superior Court Panel Majority first rejected Roselli's facial challenge.  Id. at *7–8.  It then purported to address Roselli's remaining challenge: "[i]n his sixth issue, Roselli argues that the application of § 9714 in his case is unconstitutional because the jury did not make the finding that he has two prior convictions for crimes of violence.  Having rejected his claim that the jury was required to make this finding, this issue fails."  Id. at *8.  The Panel Majority thus did not distinguish between Roselli's facial and as-applied Sixth Amendment challenges.  The Panel's concurring judge made clear, however, that Roselli had raised the as-applied contention:

> [T]he issue is somewhat more nuanced than the Majority posits.  We are not dealing here merely with the fact of convictions.  We are dealing with an issue of what the convictions involve, i.e., were the burglary convictions crimes of violence because the buildings were occupied.

Roselli, 2015 WL 7722264, at *9 (Strassburger, J., concurring).  Plainly, Roselli presented to the Superior Court the same as-applied challenge he raises here.  Cf. Nara v. Frank, 488 F.3d 187, 201 (3d Cir. 2007), as amended (June 12, 2007) ("[I]dentification and purported application of the correct legal principle constitutes an 'adjudication on the merits' for purposes of AEDPA[.]").

Because the Panel Majority failed to address the issue, I must consider *de novo* whether the sentencing court, consistent with the Sixth Amendment, found that Roselli's burglary convictions were for crimes of violence as defined in Pennsylvania's Three-Strikes Law. Jacobs v. Horn, 395 F.3d 92, 111 (3d Cir. 2005).

D. Roselli's Three Burglary Convictions

Both iterations of the burglary statute that Roselli violated are indivisible. Had the sentencing court applied the required categorical approach, it could not have determined either that Roselli's 1989 or 1993 burglary convictions qualified as crimes of violence under the Three Strikes Law.

The 1989 Guilty Plea

Once again, under Pennsylvania's then-applicable statute, proof that the entered structure was occupied at the time of entry was not required to sustain a conviction. 1972 Pa. Laws 1534, §3501–3502. The 2012 sentencing court was able to determine that the 1989 conviction was for a crime of violence under the Three Strikes Law only by referring to the underlying affidavit of probable cause and charging instruments. (See Tr. of Sentencing and Accompanying Exhibits, Doc. No. 10-96 at 29:8-30:5 ("[The] Affidavit of Probable cause shows the resident was asleep in a bedroom when [Roselli burgled his home].")). Yet the Supreme Court has repeatedly ruled that under a categorical approach, the sentencing court's inquiry must begin and end with the essential elements of the conviction.

The 2012 sentencing judge was undoubtedly correct that Roselli burgled an occupied dwelling in 1989. Unfortunately, he made that finding by an evidentiary preponderance and based it on materials other than the burglary statute's elements. Under the Sixth Amendment, this was the province of the jury alone, finding facts beyond a reasonable doubt. As the Mathis Court

13

directed, because the statute was indivisible, the sentencing judge could consider only the statute's elements; he could not consider "what [Roselli] had actually done."  156 S. Ct. at 2252.

### The 1993 Guilty Plea

The Parties agree that in 1993 Roselli pled guilty to first-degree felony burglary.  As I have discussed, with the 1990 amendments, burglary of a structure not adapted for overnight accommodations and without a person present became a felony in the second degree.  If the structure was so adapted or if a person was present, the felony was first-degree.  18 Pa.C.S. § 3502(c)(2); 1990 Pa. Laws 1196 (effective July 1, 1991).  Roselli's conviction thus might have resulted from him breaking into a building suited for overnight accommodations with no person present.  This would not be a crime of violence under the Three Strikes Law.  Once again, to resolve this question, the sentencing court considered outside materials and made its resulting findings by an evidentiary preponderance.  (Tr. of Sentencing and Accompanying Exhibits, Doc. No. 10-96, at 31:2-25, 32:1-21.)  I am compelled to conclude this was impermissible.  Mathis, 136 S. Ct. at 2251.

### 2012 Conviction

Roselli's 2012 conviction was based on the same statute as his 1993 conviction, because the burglary statute's 2012 amendment was not yet effective.  The trial court instructed the jury (and the uncontradicted evidence showed) that the subject building was a private residence suited for overnight accommodations.  Moreover, in response to an interrogatory, the jury found beyond a reasonable doubt that the building was actually occupied at the time of Roselli's entry.  The resulting conviction could thus qualify as one for a "crime of violence" without creating Sixth Amendment problems.

E.   Roselli's Single "Strike"

The sentencing court found that Roselli had been convicted of three "crimes of violence" only by usurping the jury's role and finding facts in violation of Sixth Amendment.  Absent that impermissible fact finding, Roselli's 2012 conviction alone could be deemed a qualifying offense.  The court's imposition of the Three Strike Law's mandatory 25-year sentence was thus unconstitutional.

F.   Objections

The Commonwealth's remaining Objections may be summarized as follows: (1) the Apprendi challenge is waived; (2) the challenge is time-barred; and (3) Judge Sitarski's Report and Recommendation "is an unwarranted creation of new law."

Waiver and Timeliness

In its single page of argument, the Commonwealth urges that the Apprendi issue is waived because:

> [Roselli] failed to raise it in his habeas petition, objections, or his supplemental habeas petition.  Rather, Judge Sitarski raised it *sua sponte* in her second report and recommendation.

(Doc. No. 41).  The Commonwealth further argues that because Roselli's Supplemental Petition was filed more than one year after he initially sought habeas relief, even if the issue was included in that later filing, it is time-barred under AEDPA's one-year limitations period.  Id.

It appears that the Commonwealth has not reviewed the record.  In Roselli's initial *pro se* Habeas Petition, he protested the 2012 sentencing court's use of "affidavits of probable cause, criminal complaints and sentencing commitment forms" to prove "an occupant was present" when he committed the two earlier burglaries.  (Doc. No. 1.)  Although Roselli argued, *inter alia*, that his due process rights were thus violated, he also cited to the Third Circuit's decision in U.S. v. Johnson, 587 F.3d 203 (3d Cir. 2009).  There, the Court, applying the categorical approach, ruled

that in imposing sentences for the defendant's firearms offense, the district court impermissibly found that his prior simple assault conviction was for a "crime of violence" under the ACCA.  Id. at 213-214.

Once again, in declining to adopt Judge Sitarski's initial Report, I explained that Roselli's *pro se* "objections show[ed] that he apparently intended to raise an Apprendi issue."  In those *pro se* objections, Roselli cited Stinson and Johnson, arguing that, in applying Pennsylvania's Three Strikes law, "the [sentencing] Court was required to use the categorical approach to classify [Roselli's] prior burglary convictions."  (Doc. No. 13.)  Construing his *pro se* filings liberally (as I must), I remanded to Judge Sitarski so that she could address the Apprendi issue Roselli was so obviously trying to raise.  See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011) ("Pro se filings…must be liberally construed.").

The record thus refutes the Commonwealth's contentions both that Roselli failed to raise the Apprendi issue and that "Judge Sitarski raised the issue *sua sponte*."  (Doc. No. 41.)

Even if I were to conclude that Roselli had failed to raise the Apprendi issue in his *pro se* filings, his counsel certainly raised it in her Supplemental Petition, which includes a section entitled "The Apprendi issue."  (Doc. No. 20 at 2.)  ("As stated in the Court Order…counsel will address the Apprendi issue not addressed in the Magistrate Judge's Report and Recommendation.").

In these circumstances, the Supplemental Petition plainly relates back to Roselli's timely, *pro se* Habeas Petition.  See United States v. Santarelli, 929 F.3d 95, 101 (3d Cir. 2019) ("Pursuant to Rule 15(c), an amendment that is otherwise untimely 'relates back to the date of the original pleading when…the amendment asserts a claim or defense that arose out of the conduct,

transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" (citing Fed. R. Civ. P. 15(c)(1)(B))). Accordingly, the <u>Apprendi</u> claim is not time-barred.

"Creation of New Law"

Finally, the Commonwealth objects that "[t]he cases Judge Sitarski relies on dealt with a statute, not <u>Alleyne</u>. As such, her restriction of the prior conviction exception to…is an unwarranted creation of new law." The Commonwealth thus appears to argue that the <u>Mathis</u>, <u>Descamps</u>, and <u>Shepard</u> Courts all interpreted only the ACCA, and so may not be applied to Pennsylvania's Three Strikes Law.

This is unpersuasive, to say the least. The <u>Mathis</u>, <u>Descamps</u>, and <u>Shepard</u> Courts applied and interpreted the Sixth Amendment—not just the ACCA. A multitude of courts have thus applied those decisions to vacate state sentences imposed in violation of the Sixth Amendment. <u>See People v. Gallardo</u>, 407 P.3d 55, 63–64 (Cal. 2017) ("It is true that <u>Descamps</u> and <u>Mathis</u>, like <u>Shepard</u>, were decided on statutory, rather than constitutional, grounds. . . But the high court's interpretation of the relevant federal statute was informed by an understanding of certain basic, background Sixth Amendment principles, and the court's explication of those principles was both considered and unequivocal . . . . [W]e will follow the court's guidance."); <u>Nordahl v. State</u>, 829 S.E.2d 99, 105 (Ga. 2019) ("The Supreme Court's analysis in those ACCA cases was fundamentally informed by Sixth Amendment principles, the very same principles at issue in this case. We must follow the precedents of the United States Supreme Court in analyzing whether the general recidivist statute violates a defendant's Sixth Amendment rights . . . ." (internal citations and quotation marks omitted)); <u>State Dep't of Pub. Safety v. Doe</u>, 425 P.3d 115, 123 (Alaska 2018) (applying *Mathis* reasoning in the context of a state statute); <u>Commonwealth v. Vandyke</u>, 157 A.3d 535, 544 (Pa. Super. 2017) (<u>Mathis</u> "militates in favor of a construction that

17

limits the analysis to the elements of the foreign crime without regard to the facts of those convictions.").

This is hardly surprising. The precedential authority of the Supreme Court's Sixth Amendment holdings extends well beyond the particular cases before it. See Schriro v. Summerlin, 542 U.S. 348, 358 (2004) ("The right to jury trial is fundamental to our system of criminal procedure, and States are bound to enforce the Sixth Amendment's guarantees as we interpret them."); Dodge v. Adams Exp. Co., 54 Pa. Super. 422, 425 (1913) ("[D]ecisions of the Supreme Court of the United States on questions involving the construction of the constitution of the United States . . . should be followed by the state courts."); see also Ramos v. Louisiana, 140 S. Ct. 1390, 1397 (2020) ("This Court has long explained that the Sixth Amendment right to a jury trial is 'fundamental to the American scheme of justice' and incorporated against the States under the Fourteenth Amendment. This Court has long explained, too, that incorporated provisions of the Bill of Rights bear the same content when asserted against States as they do when asserted against the federal government.").

I will thus overrule the Commonwealth's Objections.

**CONCLUSION**

The state court based the sentence it imposed on facts it alone found by an evidentiary preponderance. Under the Sixth Amendment, such findings must be made beyond a reasonable doubt and only by the jury. In these circumstances I am compelled to grant Roselli's Petition in part, subject to the state court resentencing him.

An appropriate Order follows.

*/s/ Paul S. Diamond*
_____

November 2, 2020                              Paul S. Diamond, J.